UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VARISCITE NY FOUR, LLC AND VARISCITE NY FIVE, LLC,<br><br>     *Plaintiffs*,<br><br>     v.<br><br>NEW YORK STATE CANNABIS CONTROL BOARD; NEW YORK STATE OFFICE OF CANNABIS MANAGEMENT; JESSICA C. GARCIA; AND SUSAN FILBURN,<br><br>     *Defendants*. | Civil Action No.: 1:23-cv-01599 (AMN/PJE) |

## PLAINTIFFS' NOTICE OF APPEAL OF DENIAL OF MOTION FOR

## PRELIMINARY INJUNCTION

Jeffrey M. Jensen, Esq.
New York Reg. No.: 5375704
*Attorney for Plaintiffs – Lead Counsel*
9903 Santa Monica Blvd. #890
Beverly Hills, CA 90212
(310) 909-7043
Email: jeff@jeffreyjensen.com

1

Notice is hereby given that plaintiffs Variscite NY Four, LLC and Variscite NY Five, LLC hereby appeal to the Unites States Court of Appeals for the Second Circuit from the Northern District of New York's Order Denying Motion for Preliminary Injunction entered on June 11, 2026 as docket number 92.  This case was first filed in the Northern District of New York on December 18, 2024.

Dated: July 9, 2026

Respectfully submitted,

**JEFFREY M. JENSEN**

By:   /s/ Jeffrey M. Jensen
      Jeffrey M. Jensen, Esq.
      New York Reg. No.: 5375704
      *Attorney for Plaintiffs – Lead Counsel*
      9903 Santa Monica Blvd. #890
      Beverly Hills, CA 90212
      (310) 909-7043
      Email: jeff@jeffreyjensen.com

2

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

VARISCITE NY FOUR, LLC and
VARISCITE NY FIVE, LLC,

                 Plaintiffs,

      v.

NEW YORK STATE CANNABIS CONTROL
BOARD, *et al.*,

                 Defendants.

1:23-cv-01599 (AMN/PJE)

---

**APPEARANCES:**

**JEFFREY M. JENSEN, PC**
9903 Santa Monica Boulevard – Suite 890
Beverly Hills, California 90212

**HACKER MURPHY LLP**
28 Second Street
Troy, New York 12180
*Attorneys for Plaintiffs*

**HON. LETITIA JAMES**
New York State Attorney General
The Capitol
Albany, New York 12224
*Attorney for Defendants*

**OF COUNSEL:**

**JEFFREY M. JENSEN, ESQ.**

**THOMAS J. HIGGS, ESQ.**

**BENJAMIN L. LOEFKE, ESQ.**
**RYAN W. HICKEY, ESQ.**

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION & ORDER**

## I.    INTRODUCTION

On December 18, 2023, Variscite NY Four, LLC and Variscite NY Five, LLC ("Plaintiffs")

commenced this action against Defendants New York State Cannabis Control Board, New York

State Office of Cannabis Management ("OCM"), Tremaine Wright, and Chris Alexander

(collectively "Defendants")[1] pursuant to 42 U.S.C. § 1983, alleging that New York's Adult Use

Application Program (the "Adult Use Application Program"), which accepted applications for

adult use retail dispensary cannabis licenses ("Adult Use Licenses") from October 4, 2023 through

December 18, 2023, violates the dormant Commerce Clause.  Dkt. No. 1 (the "Complaint").

Presently before this Court is Plaintiffs' renewed motion for a temporary restraining order and

preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.  *See* Dkt. No.

68 ("Renewed Motion" or "Motion").

For the reasons set forth below, Plaintiffs' Motion is denied in part.

## II.    BACKGROUND

The Court assumes the Parties' familiarity with the facts as alleged in the Complaint.  On

December 28, 2023, approximately ten days after commencing this action, Plaintiffs initially

moved for a temporary restraining order and a preliminary injunction, seeking to enjoin

Defendants from issuing Adult Use Licenses to applicants in the November and December Pools,

or issuing any additional licenses under the Conditional Adult-Use Retail Dispensary ("CAURD")

Application Program.[2]  *See* Dkt. Nos. 10-14.  Separately, on January 16, 2024, Defendants moved

to dismiss the Complaint pursuant to Rules 12(b)(1) and 12(b)(6), contending that Plaintiffs lacked

standing and the Complaint failed to state a claim for relief because the dormant Commerce Clause

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Jessica C. Garcia and Susan Filburn have been substituted as Defendants in place of Tremaine Wright and Chris Alexander, who were sued solely in their official capacities.  *See* Dkt. No. 75.

[2] As background, the Adult Use Application Program split the Adult Use applicants into two pools, a "November Pool," for applicants who could demonstrate proof of control over a location for their dispensary, and a "December Pool," for all other applicants, with a separate number of licenses available to applicants in each pool.  *See* Dkt. No. 53 at 9-10.  To determine the order of review, New York randomly assigned applicants positions in the November or December review queue (respectively, the "November Queue" and the "December Queue").  *Id.* at 10.

does not apply to New York's marihuana licensing requirements.  *See* Dkt. No. 30-1 at 34.[3]  After

a hearing on Plaintiffs' motion for a temporary restraining order and preliminary injunction, this

Court denied Plaintiffs' motion on February 2, 2024, holding that the dormant Commerce Clause

does not apply to the market at issue, given that marihuana remains federally illegal.  *See* Dkt. No.

36.  On February 11, 2024, Plaintiffs timely appealed, *see* Dkt. No. 38, and on August 12, 2025,

the Second Circuit vacated this Court's decision denying Plaintiffs' motion for preliminary relief

and remanded the case for further proceedings consistent with its opinion.  *See* Dkt. No. 53 at 46.

On March 25, 2026, this Court denied Defendants' motion to dismiss pursuant to the Second

Circuit's mandate, which determined the legal issues raised in the motion to dismiss.  *See* Dkt. No.

67.

On November 5, 2025, after the Second Circuit issued its mandate, Plaintiffs filed a motion

seeking leave to conduct limited expedited discovery, *see* Dkt. No. 56, which Defendants opposed.

*See* Dkt. No. 62.  On January 7, 2026, Magistrate Judge Evangelista held a hearing and reserved

ruling on the motion for expedited discovery.  Dkt. No. 61.[4]  On May 15, 2026, Magistrate Judge

Evangelista deemed Plaintiffs' expedited discovery demands to be served on Defendants as of that

date and set forth expedited procedures for production in response to those demands and the

resolution of any disputes related to the same.  *See* Dkt. No. 84.

---

[3] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

[4] That same day, Plaintiffs also moved to disqualify Benjamin Loefke and the Office of the Attorney General as defense counsel in this matter.  Dkt. No. 63.  On May 7, 2026, Magistrate Judge Evangelista denied Plaintiffs' motion and recommended that this Court also deny Plaintiffs' request for certification of the question of disqualification for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  *See* Dkt. No. 75.  On June 11, 2026, this Court adopted the Report-Recommendation in its entirety.  Dkt. No. 91.

3

On April 29, 2026, Plaintiffs filed a Renewed Motion for a temporary restraining order and preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, *see* Dkt. No. 68, which seeks to (i) enjoin Defendants from issuing any retail dispensary cannabis licenses under the Adult Use Application Program, including to applicants in both the November and December Pools; and (ii) enjoin already-issued cannabis licenses by requiring dispensaries opened before August 12, 2025 to close within sixty days, and requiring dispensaries opened after August 12, 2025 to close within thirty days. *See* Dkt. No. 69 at 24. With leave of Court, Defendants opposed Plaintiffs' Renewed Motion, *see* Dkt. No. 74, and Plaintiffs replied in further support of the Motion. Dkt. No. 77.

On May 15, 2026, Plaintiffs filed a letter motion requesting that the Court hold Plaintiffs' Renewed Motion in abeyance as to applicants in the November Pool until the Parties complete expedited discovery. *See* Dkt. No. 85. On May 22, 2026, the Court granted Plaintiffs' request to hold a ruling as to the November Pool in abeyance. Dkt. No. 88. On June 5, 2026, the Court held a hearing on the Renewed Motion as to the December Pool. *Id.*

## III.    STANDARD OF REVIEW

"A preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Sussman v. Crawford*, 488 F.3d 136, 139-40 (2d Cir. 2007) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)) (emphasis in original). "Where there is an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (citations omitted). Further, a preliminary injunction is "never awarded as of right," *Ayco Co., L.P. v. Frisch*, 795 F. Supp. 2d 193, 200 (N.D.N.Y. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)),

and the decision to grant such relief "rests in the sound discretion of the district court[.]"  *JSG Trading Corp. v. Tray-Wrap, Inc.*, 917 F.2d 75, 79 (2d Cir. 1990).

A party seeking preliminary injunctive relief must establish: "(1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest."  *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n*, 883 F.3d 32, 37 (2d Cir. 2018). When deciding a motion for a temporary restraining order, the Court follows the same legal standard as that for a motion for a preliminary injunction.  *Freeman v. McKnight*, No. 07-cv-1123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing *Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992)); *see also Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) ("It is well established that in [the Second] Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." (citation omitted)).  Additionally, in this District, a request for a temporary restraining order made through an order to show cause "must include an affidavit clearly and specifically showing good and sufficient cause why the standard motion procedure (*i.e.*, advanced notice, 21 days for an opposition, and 7 days for a reply) cannot be used[.]"  N.D.N.Y. L.R. 7.1(e).

In certain circumstances, a plaintiff seeking a preliminary injunction must satisfy a heightened standard.  The heightened standard applies when either "[i] the movant is seeking to modify the status quo by virtue of a *mandatory* preliminary injunction (as opposed to seeking a *prohibitory* preliminary injunction to maintain the status quo), or [ii] where the injunction being sought will provide the movant with substantially all the relief sought and that relief cannot be undone even if the defendant prevails at a trial on the merits[.]"  *Yang v. Kosinski*, 960 F.3d 119, 127-28 (2d Cir. 2020) (internal quotation marks omitted) (emphasis in original); *see also N. Am.*

5

*Soccer League*, 883 F.3d at 37 n.5 (noting that "[t]he 'status quo' in preliminary-injunction parlance is really a 'status quo ante'" (quoting *Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90 (2d Cir. 1983))).

## IV.    DISCUSSION

As an initial matter, pursuant to its order issued on May 22, 2026, the Court addresses the Renewed Motion only as to the December Pool.  *See* Dkt. No. 88.  Additionally, the Court finds that the heightened standard applicable to mandatory preliminary injunctions does not apply to Plaintiffs' Renewed Motion for the same reasons that this Court explained in its Memorandum-Decision & Order on Plaintiffs' first motion for a preliminary injunction and temporary restraining order.  *See* Dkt. No. 36 at 12-13.  Because Defendants have not begun issuing licenses to retail applicants in the December Pool, the relief that Plaintiffs seek as to the December Pool is prohibitory in nature.  *See id.*; *see also* Dkt. No. 74 at 11 (noting that Defendants are currently still processing applications in the November Pool and have only begun reviewing cultivator applications in the December Pool to address anticipated shortfalls in supply).

Accordingly, the Court applies the typical preliminary injunction standard, rather than the heightened standard, in its review of the Renewed Motion.

### A.  Likelihood of Success on the Merits

Plaintiffs have demonstrated a likelihood of success on the merits as to the December Pool. The Second Circuit expressly held that Plaintiffs "can challenge the issuance of . . . December Pool licenses, based on purported unlawful ordering within the December Queue," and that Plaintiffs are "likely to succeed on the merits of [their] challenge to the ordering of the December Queue." *See Variscite NY Four v. New York State Cannabis Control Bd.*, 152 F.4th 47, 59, 65 (2d Cir. 2025).  Specifically, the Circuit found that "New York's [e]xtra [p]riority regime is discriminatory, even though it advantages only a subset of likely New Yorkers," because the

6

dormant Commerce Clause "does not tolerate discrimination in favor of a sliver of the in-state market." *Id.* at 64. Nothing in the record reflects any intervening change in circumstances that would warrant a different ruling. Accordingly, Plaintiffs have shown a likelihood of success on the merits of their challenge to the issuance of December Pool retail licenses, based on purported unlawful ordering within the December Queue.

### B. Irreparable Harm

Notwithstanding Plaintiffs' showing of a likelihood of success on the merits with respect to the December Pool, the Court concludes that Plaintiffs cannot establish irreparable harm as to the December Pool at this stage of the proceedings.

Plaintiffs argue that they will face irreparable harm due to their risk of being excluded from the market. Specifically, given that Defendants will issue only a finite number of retail cannabis licenses in New York State, and "New York has indicated that only those earliest in the December Queue are likely to receive licenses," *see Variscite NY Four*, 152 F.4th at 63, Plaintiffs argue that they will be delayed, if not foreclosed, from entering New York's retail cannabis market if they do not receive "extra priority" in the December Pool, *see* Dkt. No. 69 at 17-19—"that is, triple the chance at an early slot."[5] *Variscite NY Four*, 152 F.4th at 55.

However, Defendants contend that Plaintiffs' Renewed Motion as to the December Pool licenses should be denied because "Plaintiffs have already effectively received that relief." Dkt. No. 74 at 6. Specifically, Defendants argue that "in an abundance of caution given this ongoing litigation," Defendants have treated Plaintiffs identically to all other applicants entitled to "extra

---

[5] Applicants in the December Pool who indicated that they were eligible for "extra priority" received three random numbers in the December Queue, as opposed to two random numbers, which "priority" applicants received, or one random number, which "non-priority" applicants received. *See* Dkt. No. 74 at 10.

priority" in the December Pool, i.e., they accorded Plaintiffs three randomly assigned queue numbers, which they also accorded similarly situated applicants with New York State marihuana convictions eligible for "extra priority." *See id.* at 6-7, 10-11.

The Court agrees with Defendants. "While a defendant's 'voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice,' it is nonetheless 'an important factor bearing on the question whether a court should exercise its power' to entertain a request for injunctive relief or declare it moot." *Holland v. Goord*, 758 F.3d 215, 223 (2d Cir. 2014) (quoting *City of Mesquite v. Aladdin's Castle, Inc.,* 455 U.S. 283, 289 (1982)). Additionally, "when a government defendant . . . makes representations that certain conduct has been discontinued, they are entitled to some deference." *Wagschal v. Skoufis*, 442 F. Supp. 3d 612, 621 (S.D.N.Y. 2020) (internal quotation marks and citation omitted), *aff'd*, 857 F. App'x 18 (2d Cir. 2021); *see also Am. Freedom Def. Initiative v. Metro. Transp. Auth.*, 109 F. Supp. 3d 626, 630 (S.D.N.Y. 2015) (noting that "[s]ome deference must be afforded to the representations of a public authority that certain conduct has been discontinued"), *aff'd*, 815 F.3d 105 (2d Cir. 2016).

Here, Defendants affirm that they will "continue to treat Plaintiffs in the same manner as similarly situated applicants with in-state convictions, if and when OCM reviews Plaintiffs' applications." Dkt. No. 74 at 19 (citing Dkt. No. 74-1 at ¶¶ 22, 32 (declaring that OCM will treat all marihuana-related convictions in the retail December Queue—both out-of-state convictions and New York state convictions—as qualifying to receive extra priority)). Thus, for purposes of the current Motion, Defendants have shown that their change in the treatment of Plaintiffs' December applications "has 'sufficiently altered' the circumstances . . . 'so as to present a substantially different controversy from the one that existed'" when Plaintiffs filed their initial motion for a

8

preliminary injunction and temporary restraining order, and when the Second Circuit reviewed that motion on interlocutory appeal. *Am. Freedom Def. Initiative*, 109 F. Supp. 3d at 631 (quoting *Lamar Advert. of Penn, LLC v. Town of Orchard Park*, 356 F.3d 365, 378 (2d Cir. 2004)); *see also Variscite Four*, 152 F.4th at 55 (noting that Defendants "represented that without [e]xtra [p]riority, for which they do not qualify, [Plaintiffs] will *inevitably forfeit* at least their most favorable positions in the December Queue" (emphasis added)).

Accordingly, at this time, Plaintiffs have failed to demonstrate that they will suffer irreparable injury absent injunctive relief. *See, e.g.*, *Chen v. Amazon.com, Inc.*, No. 23-cv-5324, 2023 WL 7412219, at *3-4 (E.D.N.Y. Nov. 9, 2023) (denying preliminary injunctive relief where defendant represented that it had "permanently stopped sending" purportedly defamatory emails about plaintiff); *RQ Innovasion, Inc. v. Carson Optical, Inc.*, No. 19-cv-3886, 2019 WL 4359456, at *8-9 (E.D.N.Y. Aug. 21, 2019) (finding no irreparable harm where videos alleged to violate the Lanham Act no longer appeared in the challenged manner), *report and recommendation adopted*, 2019 WL 4346264 (E.D.N.Y. Sept. 12, 2019).

*   *   *

Because a "finding of no showing of irreparable harm is dispositive," *Grand River Enter. Six Nations, Ltd. v. Pryor*, 481 F.3d 60, 68 (2d Cir. 2007), the Court need not address the remaining factors. *See, e.g.*, *Harley Marine NY, Inc. v. Moore*, No. 23-cv-163, 2023 WL 3620720, at *9 (N.D.N.Y. Mar. 24, 2023) (declining to address the remaining elements necessary to obtain injunctive relief where the plaintiff failed to demonstrate the probability of irreparable harm); *see also JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 36 (2d Cir. 2015) ("Because irreparable harm is the '*sine qua non* for preliminary injunctive relief,' we conclude that

9

[plaintiff's] motion for a preliminary injunction fails at the irreparable harm stage, and we do not reach the other components of the preliminary injunction inquiry." (citation omitted)).

Accordingly, given that Plaintiff has failed to establish the requisite showing of irreparable harm, Plaintiffs' Renewed Motion as to the December Pool is denied. Should Defendants reverse course and no longer accord Plaintiff's December applications extra priority, Plaintiffs may make a renewed application to the Court for preliminary injunctive relief. *See Howe v. Burwell*, No. 15-cv-6, 2015 WL 4479757, at *16 (D. Vt. July 21, 2015) (noting that, "[i]n the event the [f]ederal [d]efendants withdraw th[eir] concession or refuse to make it permanent, nothing prevents [p]laintiff from renewing his motion").

## V.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiffs' motion for a temporary restraining order and preliminary injunction, Dkt. No. 68, is **DENIED in part**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 11, 2026
      Albany, New York

_____
Anne M. Nardacci
U.S. District Judge

10

APPEAL,MANDATORY–MEDIATION

**U.S. District Court**
**Northern District of New York – Main Office (Syracuse) [NextGen CM/ECF**
**Release 1.8 (Revision 1.8.5)] (Albany)**
**CIVIL DOCKET FOR CASE #: 1:23–cv–01599–AMN–PJE**

| | |
|---|---|
| Variscite NY Four, LLC et al v. New York State Cannabis Control Board et al | Date Filed: 12/18/2023 |
| Assigned to: U.S. District Judge Anne M. Nardacci | Jury Demand: None |
| Referred to: Magistrate Judge Paul J. Evangelista | Nature of Suit: 440 Civil Rights: Other |
| Case in other court:  USCA 2nd Circuit, 24–00384 | Jurisdiction: Federal Question |
| Cause: 42:1983 Civil Rights Act | |

**Plaintiff**

**Variscite NY Four, LLC**                    represented by    **Jeffrey M. Jensen**
9903 Santa Monica Blvd
Ste 890
Beverly Hills, CA 90212
310–909–7043
Email: jeff@jeffreyjensen.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*
*Fee Status: paid*

**Thomas J. Higgs**
Hacker Murphy LLP
22 Corporate Woods Boulevard
Suite 404
Albany, NY 12211
518–274–5820
Fax: 518–274–5875
Email: thiggs@hackermurphy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2025*

**Plaintiff**

**Variscite NY Five, LLC**                    represented by    **Jeffrey M. Jensen**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*
*Fee Status: paid*

**Thomas J. Higgs**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2025*

V.

**Defendant**

**New York State Cannabis Control**           represented by    **Benjamin L. Loefke**
**Board**                                                      New York State Attorney General –
Albany
The Capitol
Albany, NY 12224

518–776–2739
Email: Benjamin.Loefke@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Ryan W. Hickey**
New York State Attorney General –
Albany
The Capitol
Albany, NY 12224
518–776–2616
Fax: 518–915–7738
Email: ryan.hickey@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Alexander Powhida**
Farrell Fritz, P.C.
74 Chapel Street – Suite 2
Albany, NY 12207
518–867–3907
Fax: 518–867–3917
Email: apowhida@farrellfritz.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2026*

**William A. Scott**
New York State Attorney General –
Albany
The Capitol
Albany, NY 12224
518–776–2255
Email: william.scott@ag.ny.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Defendant**

| | | |
|---|---|---|
| **New York State Office of Cannabis Management** | represented by | **Benjamin L. Loefke**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Bar Status: Active*<br>*Fee Status: waived_2025* |

**Ryan W. Hickey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Alexander Powhida**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2026*

**William A. Scott**

(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Defendant**

**Tremaine Wright**
*TERMINATED: 05/07/2026*

represented by **Benjamin L. Loefke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Ryan W. Hickey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Alexander Powhida**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2026*

**William A. Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Defendant**

**Chris Alexander**
*TERMINATED: 05/07/2026*

represented by **Benjamin L. Loefke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Ryan W. Hickey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Alexander Powhida**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2026*

**William A. Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Defendant**

**Jessica C. Garcia**

represented by **Benjamin L. Loefke**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Ryan W. Hickey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Alexander Powhida**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2026*

**William A. Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Defendant**

**Susan Filburn**                          represented by **Benjamin L. Loefke**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Ryan W. Hickey**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

**Alexander Powhida**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: paid_2026*

**William A. Scott**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*
*Fee Status: waived_2025*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 12/18/2023 | 1 | COMPLAINT against Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright (Filing fee $405 receipt number ANYNDC–6550403) filed by Variscite NY Four, LLC, Variscite NY Five, LLC. (Attachments: # 1 Exhibit 1, # 2 Civil Cover Sheet)(hmr) (Entered: 12/19/2023) |
| 12/19/2023 | 2 | Summonses Issued as to Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Summons Issued for New York State Office of Cannabis Management, # 2 Summons |

| | | |
|---|---|---|
| | | Issued for Tremaine Wright, # 3 Summons Issued for Chris Alexander, # 4 Summons Issued for New York State Attorney General, # 5 Summons Issued for New York State Cannabis Control – NYS Attorney General, # 6 Summons Issued for NYS Office of Cannabis Management – NYS Attorney General)(hmr) (Entered: 12/19/2023) |
| 12/19/2023 | 3 | G.O. 25 FILING ORDER ISSUED: Initial Conference set for 3/18/2024 at 10:00 AM in Albany before Magistrate Judge Christian F. Hummel. Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 3/11/2024. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) (hmr) (Entered: 12/19/2023) |
| 12/19/2023 | 4 | NOTICE OF ADMISSION REQUIREMENT as to Party Plaintiff; Attorney Jeffrey M. Jensen, Email address is jeff@jensen2.com. Phone number is (310) 909–7043. Admissions due by 1/2/2024. [Copy of Notice emailed to Attorney Jensen, along with a courtesy copy of the Dkt. No. 3 GO #25 on 12/19/2023.] (hmr) (Entered: 12/19/2023) |
| 12/20/2023 | 5 | MOTION for Limited Admission Pro Hac Vice of Jeffrey M. Jensen *12–20–2023* Filing fee $100, receipt number ANYNDC–6553721. **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]** (Attachments: # 1 Declaration Declaration of Sponsor, # 2 Exhibit(s) Pro Hac Petition, # 3 Exhibit(s) Atty Reg Form & Oath on Admission, # 4 Exhibit(s) Good Standing Cert NY, # 5 Exhibit(s) Certificate of Standing CA, # 6 Exhibit(s) Good Standing Cert DC, # 7 Proposed Order/Judgment Proposed Order for ProHac Adm) Motions referred to Christian F. Hummel. (Higgs, Thomas) (Entered: 12/20/2023) |
| 12/20/2023 | | **Notice of Attorney Admission Filing Deficiency** re: 5 Motion for Limited Admission Pro Hac Vice, Pursuant to LR 83.1(d), the sponsor and/or applicant **MUST** provide the following required documents: A SIGNED version of the Attorney E–Filing Registration Form; The corrected documents should be electronically filed with the Court by selecting the 'Supplemental Admission documents' event, which is found under the 'Other Documents' menu. Once all requirements under LR 83.1(d) have been met, the motion will be forwarded to the assigned Magistrate Judge for consideration. (ztc) (Entered: 12/20/2023) |
| 12/20/2023 | 6 | Supplemental Admission documents re: 5 Motion for Limited Admission Pro Hac Vice,, **[THIS DOCUMENT IS RESTRICTED AND VIEWABLE BY COURT USERS ONLY]**. (Higgs, Thomas) (Entered: 12/20/2023) |
| 12/21/2023 | 7 | TEXT ORDER granting 5 Motion for Limited Admission Pro Hac Vice of Jeffrey Mark Jensen, Esq. Counsel is hereby advised that as of January 16, 2018, the NYND has converted to NextGen. Due to this conversion, you must now register for Pro Hac Vice access through your PACER account. **This is the only notice you will receive concerning this requirement. You will not have access to electronically file in this case until your Pro Hac Vice request has been processed through the PACER system.** Step–by–step instructions on how to complete this process are available at http://www.nynd.uscourts.gov/attorney–admissions–nextgen. Authorized by Magistrate Judge Christian F. Hummel on 12/21/2023. (tab) (Entered: 12/21/2023) |
| 12/21/2023 | 8 | NOTICE OF APPEARANCE by Jeffrey M. Jensen on behalf of Variscite NY Five, LLC, Variscite NY Four, LLC (Jensen, Jeffrey) (Entered: 12/21/2023) |
| 12/27/2023 | 9 | AFFIDAVIT of Service for Complaint *Summons, etc.* served on All Defendants on 12/20/2023, filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 12/27/2023) |
| 12/28/2023 | 10 | Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* by Variscite NY Five, LLC, Variscite NY Four, LLC.(Jensen, Jeffrey) (Entered: 12/28/2023) |
| 12/28/2023 | 11 | MEMORANDUM OF LAW re 10 Motion for TRO *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 12/28/2023) |
| 12/28/2023 | 12 | AFFIDAVIT in Support re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Exhibit(s) Second Circuit, # 2 Exhibit(s) Sample Application, # 3 Exhibit(s) DIA, # 4 Exhibit(s) Veteran Settlement, # 5 Exhibit(s) FAQ, # 6 Exhibit(s) Economic Overview, # 7 Exhibit(s) DIA Info, # 8 Exhibit(s) DIA Map, # 9 Exhibit(s) News Article 1, # 10 Exhibit(s) New Article 2, # 11 Exhibit(s) Nevada Instructions DIA)(Jensen, Jeffrey) (Entered: 12/28/2023) |
| 12/28/2023 | 13 | NOTICE by Variscite NY Five, LLC, Variscite NY Four, LLC re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction Proposed Order* (Jensen, Jeffrey) (Entered: 12/28/2023) |
| 12/28/2023 | 14 | AFFIDAVIT of Service for TRO and PI papers served on All Defendants on 12/27/2023, filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 12/28/2023) |
| 12/28/2023 | | ***Answer due date updated for Chris Alexander answer due 1/10/2024; New York State Cannabis Control Board answer due 1/10/2024; New York State Office of Cannabis Management answer due 1/10/2024; Tremaine Wright answer due 1/10/2024. (hmr) (Entered: 12/28/2023) |
| 12/28/2023 | 15 | NOTICE OF APPEARANCE by Ryan W. Hickey on behalf of Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright (Hickey, Ryan) (Entered: 12/28/2023) |
| 12/28/2023 | 16 | LETTER BRIEF *in opposition to Plaintiffs' request for a temporary restraining order* by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Exhibit(s) A to Letter Brief)(Hickey, Ryan) (Entered: 12/28/2023) |
| 12/28/2023 | 17 | Letter Motion from Plaintiffs for Variscite NY Five, LLC, Variscite NY Four, LLC requesting Remote Appearance submitted to Judge Hurd . (Jensen, Jeffrey) (Entered: 12/28/2023) |
| 12/29/2023 | 18 | NOTICE OF APPEARANCE by Alexander Powhida on behalf of All Defendants (Powhida, Alexander) (Entered: 12/29/2023) |
| 01/03/2024 | 19 | TEXT ORDER REASSIGNING CASE. Case reassigned to U.S. District Judge Anne M. Nardacci for all further proceedings. Judge David N. Hurd no longer assigned to case. SO ORDERED by Chief Judge Brenda K. Sannes on 1/3/24. (lmw) (Entered: 01/03/2024) |
| 01/05/2024 | 20 | Letter Motion from Ryan Hickey for Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright requesting that Defendants' answer deadline be held in abeyance pending a scheduling order regarding Plaintiffs' motion for a preliminary injunction submitted to Judge Nardacci . (Hickey, Ryan) (Entered: 01/05/2024) |
| 01/09/2024 | 21 | TEXT ORDER TO SHOW CAUSE: In light of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, Dkt. Nos. 10–12, a hearing is set for January 26, 2024 at 11:00 a.m. in Courtroom No. 6 of the James T. Foley U.S. Courthouse, 445 Broadway, Albany, NY 12207, or as soon thereafter as counsel may be heard on Plaintiffs' application for a Temporary Restraining Order and Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure. Defendants shall file all opposing papers, if any, on or before January 16, 2024. Plaintiffs shall file reply papers, if any, on or before January 19, 2024. It is also hereby ORDERED that Plaintiffs' Letter Motion, Dkt. No. 17 , requesting that Attorney Jeffrey M. Jensen be permitted to appear remotely at the hearing by video, is GRANTED. The Court will issue a separate notice setting forth the instructions to connect to the hearing in advance of the scheduled date and time. All parties and other counsel must appear at the James T. Foley Courthouse in person. SO ORDERED by U.S. District Judge Anne M. Nardacci on 1/9/2024. (mab) (Entered: 01/09/2024) |
| 01/11/2024 | 22 | TEXT ORDER: On January 5, 2024, Defendants filed a Letter Request seeking a stay of the Answer deadline in this matter in light of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction. Dkt. No. 20 . The request is GRANTED and the deadline for Defendants to file an Answer is STAYED pending resolution of the Motion for a Temporary Restraining Order and Preliminary Injunction. SO ORDERED by U.S. District Judge Anne M. Nardacci on 1/11/2024. (mab) (Entered: |

| | | 01/11/2024) |
|---|---|---|
| 01/12/2024 | 23 | Letter Motion from Ryan Hickey for Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright requesting leave to file a memorandum of law of up to 35 pages submitted to Judge Nardacci . (Hickey, Ryan) (Entered: 01/12/2024) |
| 01/16/2024 | 24 | TEXT ORDER granting Defendants' 23 Letter Request seeking permission to file a memorandum of law in opposition to Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction of up to thirty–five (35) pages in length. SO ORDERED by U.S. District Judge Anne M. Nardacci on 1/16/2024. (mab) (Entered: 01/16/2024) |
| 01/16/2024 | 25 | RESPONSE in Opposition re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Hickey, Ryan) (Entered: 01/16/2024) |
| 01/16/2024 | 26 | AFFIDAVIT in Opposition re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction Declaration of Jodi Bryon* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H)(Hickey, Ryan) (Additional attachment(s) added on 1/19/2024: # 9 Redacted Attachment 3 – Exhibit C) (hmr, ). (Additional attachment(s) added on 1/19/2024: # 10 Redacted Attachment 4 – Exhibit D) (hmr, ). (Additional attachment(s) added on 1/19/2024: # 11 Redacted Attachment 5 – Exhibit E) (hmr, ). (Additional attachment(s) added on 1/19/2024: # 12 Redacted Attachment 6 – Exhibit F) (hmr, ). (Entered: 01/16/2024) |
| 01/16/2024 | 27 | AFFIDAVIT in Opposition re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction Declaration of Damian Fagon* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Exhibit(s) J)(Hickey, Ryan) (Additional attachment(s) added on 1/19/2024: # 11 Redacted Attachment 3 – Exhibit C) (hmr, ). (Additional attachment(s) added on 1/19/2024: # 12 Redacted Attachment 6 – Exhibit F) (hmr, ). (Entered: 01/16/2024) |
| 01/16/2024 | 28 | AFFIDAVIT in Opposition re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction Declaration of John Kagia* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C)(Hickey, Ryan) (Entered: 01/16/2024) |
| 01/16/2024 | 29 | AFFIDAVIT in Opposition re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction Declaration of Patrick McKeage* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Exhibit(s) H, # 9 Exhibit(s) I, # 10 Exhibit(s) J, # 11 Exhibit(s) K, # 12 Exhibit(s) L, # 13 Exhibit(s) M)(Hickey, Ryan) (Additional attachment(s) added on 1/19/2024: # 14 Redacted Attachment 4 – Exhibit D) (hmr, ). (Entered: 01/16/2024) |
| 01/16/2024 | 30 | MOTION to Dismiss for Failure to State a Claim *and for lack of subject matter jurisdiction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. Motion returnable before Judge Nardacci Response to Motion due by 2/6/2024. Reply to Response to Motion due by 2/13/2024 (Attachments: # 1 Memorandum of Law in Opposition to Plaintiffs' Motion for a Preliminary Injunction and in Support of Defendants' Motion to Dismiss) (Hickey, Ryan) (Entered: 01/16/2024) |
| 01/17/2024 | | TEXT NOTICE OF FILING DEFICIENCY as to Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright regarding the 27 Affidavit in Opposition to Motion,, 29 Affidavit in Opposition to Motion,, 26 Affidavit in Opposition to Motion, **NOTICE IS HEREBY GIVEN** of |

| | | |
|---|---|---|
| | | the following Filing Deficiency: Counsel has submitted documents that are not in compliance with redaction requirements pursuant to Federal and NYND Local Rules 5.2 Personal Privacy Protection and General Order 22, Section 11.2. This document has been TEMPORARILY RESTRICTED. Counsel is directed to make the appropriate redactions to the above referenced document and electronically file the redacted document within 3 days of this notice **using the event CORRECTED DOCUMENT(S) found under Other Filings and reference this case number. Do NOT use any other event to file your corrected document.** Failure to file a redacted document by the deadline will result in the unredacted document referenced above being unrestricted. Counsel and the parties are cautioned that failure to redact these personal identifiers may subject them to the Courts full disciplinary power pursuant to NYND Local Rule 5.2.<br><br>THESE DOCUMENTS ONLY DKT. NO.: 26– ATTACHMENTS 3, 4, 5, 6 – EXHIBITS C, D, E, F; DKT. NO. 27 – ATTACHMENTS 3 and 6 – EXHIBITS C & F; DKT. NO. 4 – EXHIBIT D. Notice of Filing Deficiency Deadline 1/22/2024 (hmr, ) (Entered: 01/17/2024) |
| 01/19/2024 | | CLERK'S CORRECTION OF DOCKET ENTRY re 27 Affidavit in Opposition to Motion,, 29 Affidavit in Opposition to Motion,, 26 Affidavit in Opposition to Motion: Redacted copies of attachments 3, 4, 5, 6, – Exhibits C, D, E, F to Dkt. No. 26 ; Redacted copies of attachments 3 and 6 – Exhibits C and F to Dkt. No. 27 ; Redacted copy of attachment 4 – Exhibit D – to Dkt. No. 29 were all attached to these docket entries. The unredacted copies of Exhibits C, D, E, F to Dkt. No. 26 , Exhibits C and F to Dkt. No. 27 and Exhibit D to 29 are now permanently restricted pursuant to Fed. R. Civ. P. Rule 5.2 and NYND Local Rule 5.2. (hmr, ) (Entered: 01/19/2024) |
| 01/19/2024 | 31 | REPLY to Response to Motion re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 01/19/2024) |
| 01/19/2024 | 32 | AFFIDAVIT in Support re 10 Emergency MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Attachments: # 1 Exhibit(s) Defendants 2nd Cir Motion, # 2 Exhibit(s) Second Circuit Order, # 3 Exhibit(s) Maine Attorney General, # 4 Exhibit(s) Announce Adult Use Program, # 5 Exhibit(s) Extend Application Deadline)(Jensen, Jeffrey) (Entered: 01/19/2024) |
| 01/26/2024 | | Text Minute Entry for proceedings held before U.S. District Judge Anne M. Nardacci: Order to Show Cause Hearing as to Plaintiffs' 10 Motion for a Temporary Restraining Order and Preliminary Injunction held on 1/26/2024. Appearances: Jeffrey Jensen, Esq. for Plaintiffs; AAG Ryan Hickey for Defendants and Patricia Heer, Esq., counsel for the Office of Cannabis Management. After hearing argument from each counsel as to their positions with regard to Plaintiffs' motion, the Court reserves on a decision. A written order will be issued. (TIME: 11:03AM–11:52AM).(Court Reporter: Jacqueline Stroffolino) (mab) (Entered: 01/29/2024) |
| 02/01/2024 | 33 | NOTICE OF APPEARANCE by William A. Scott on behalf of Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright (Scott, William) (Entered: 02/01/2024) |
| 02/01/2024 | 34 | LETTER BRIEF *Regarding Queuing of December Applications* by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Declaration of Jodi Bryon)(Scott, William) (Entered: 02/01/2024) |
| 02/02/2024 | 35 | RESPONSE TO LETTER BRIEF filed by Variscite NY Five, LLC, Variscite NY Four, LLC as to 34 LETTER BRIEF, filed by Chris Alexander, New York State Office of Cannabis Management, Tremaine Wright, New York State Cannabis Control Board . (Jensen, Jeffrey) (Entered: 02/02/2024) |
| 02/02/2024 | 36 | MEMORANDUM–DECISION and ORDER. The Court hereby ORDERS that Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction, Dkt. No. 10 , is DENIED. The Court further ORDERS that the Clerk serve a copy of this Memorandum–Decision and Order on the parties in accordance with the Local Rules. Signed by U.S. District Judge Anne M. Nardacci on 2/2/2024. (mab) (Entered: 02/02/2024) |

| 02/05/2024 | 37 | TRANSCRIPT REQUEST by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright for proceedings held on January 26, 2024 before Judge Nardacci.. (Hickey, Ryan) (Entered: 02/05/2024) |
|---|---|---|
| 02/11/2024 | 38 | NOTICE OF APPEAL as to 36 Order on Motion for TRO, *and Preliminary Injunction* by Variscite NY Five, LLC, Variscite NY Four, LLC. Filing fee $ 605, receipt number ANYNDC–6613925. (Jensen, Jeffrey) (Entered: 02/11/2024) |
| 02/12/2024 | 39 | ELECTRONIC NOTICE AND CERTIFICATION sent to US Court of Appeals re 38 Notice of Appeal. (hmr) (Entered: 02/12/2024) |
| 02/13/2024 | 40 | LETTER BRIEF *in support of Defendants' Motion to Dismiss* by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Hickey, Ryan) (Entered: 02/13/2024) |
| 02/13/2024 | 41 | RESPONSE TO LETTER BRIEF filed by Variscite NY Five, LLC, Variscite NY Four, LLC as to 40 LETTER BRIEF filed by Chris Alexander, New York State Office of Cannabis Management, Tremaine Wright, New York State Cannabis Control Board . (Jensen, Jeffrey) (Entered: 02/13/2024) |
| 02/14/2024 | 42 | RESPONSE in Opposition re 30 MOTION to Dismiss for Failure to State a Claim *and for lack of subject matter jurisdiction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. Motion returnable before filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 02/14/2024) |
| 02/14/2024 | 43 | AFFIDAVIT in Opposition re 30 MOTION to Dismiss for Failure to State a Claim *and for lack of subject matter jurisdiction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. Motion returnable before filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Attachments: # 1 Exhibit(s) Press Release, # 2 Exhibit(s) Regulations, # 3 Exhibit(s) Sample Application, # 4 Exhibit(s) Formation V4, # 5 Exhibit(s) Formation V5)(Jensen, Jeffrey) (Entered: 02/14/2024) |
| 02/14/2024 | 44 | AFFIDAVIT in Opposition re 30 MOTION to Dismiss for Failure to State a Claim *and for lack of subject matter jurisdiction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. Motion returnable before filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 02/14/2024) |
| 02/14/2024 | 45 | AFFIDAVIT in Opposition re 30 MOTION to Dismiss for Failure to State a Claim *and for lack of subject matter jurisdiction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. Motion returnable before filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 02/14/2024) |
| 02/15/2024 | 46 | Letter Motion from Ryan Hickey for Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright requesting permission to file a reply in support of Defendants' motion to dismiss by March 1, 2024 submitted to Judge Nardacci . (Hickey, Ryan) (Entered: 02/15/2024) |
| 02/15/2024 | 47 | TEXT ORDER granting Defendants' 46 Letter Request seeking permission to file their reply to the response to the Motion to Dismiss in this matter by March 1, 2024. The motion is returnable before the undersigned and will be taken on submission. No oral argument will be heard unless otherwise directed by the Court. SO ORDERED by U.S. District Judge Anne M. Nardacci on 2/15/2024. (mab) (Entered: 02/15/2024) |
| 02/16/2024 | 48 | TEXT NOTICE: The Rule 16 Initial Conference scheduled for 3/18/2024 at 10:00am before Magistrate Judge Christian F. Hummel and the deadline to submit a proposed Civil Case Management Plan and exchange Mandatory Disclosures are ADJOURNED without date pending a decision on the dispositive motion. (tab) (Entered: 02/16/2024) |
| 03/01/2024 | 49 | REPLY to Response to Motion re 30 MOTION to Dismiss for Failure to State a Claim *and for lack of subject matter jurisdiction* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. Motion returnable before *Judge Nardacci* filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, |

| | | Tremaine Wright. (Hickey, Ryan) (Entered: 03/01/2024) |
|---|---|---|
| 03/08/2024 | 50 | TRANSCRIPT of Proceedings: Order to Show Cause Hearing held on 1/26/2024 before Judge Anne M. Nardacci, Court Reporter: Jacqueline Stroffolino, Telephone number: 518–257–1894. **IMPORTANT NOTICE – REDACTION OF TRANSCRIPTS:** In order to remove personal identifier data from the transcript, a party must electronically file a Notice of Intent to Request Redaction with the Clerk's Office within 5 business days of this date. The policy governing the redaction of personal information is located on the court website at www.nynd.uscourts.gov. Read this policy carefully. If no Notice of Intent to Redact is filed within 5 business days of this date, the court will assume redaction of personal identifiers is not necessary and the transcript will be made available on the web 90 days from today's date. Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/29/2024. Redacted Transcript Deadline set for 4/8/2024. Release of Transcript Restriction set for 6/6/2024. Notice of Intent to Redact due by 3/13/2024 (jxs, ) (Entered: 03/08/2024) |
| 09/10/2024 | 51 | TEXT ORDER: On December 28, 2023, Plaintiffs filed a Motion for a Temporary Restraining Order and Preliminary Injunction in this matter. Dkt. No. 10 . On January 16, 2024, Defendants filed a Motion to Dismiss. Dkt. No. 30 . On February 2, 2024, the Court denied Plaintiffs' Motion for a Temporary Restraining Order and Preliminary Injunction in this matter. Dkt. No. 36 . On February 11, 2024, Plaintiffs filed a Notice of Appeal as to the Court's denial of the Motion for a Temporary Restraining Order and Preliminary Injunction. Dkt. No. 38 . The appeal is currently pending in the United States Court of Appeals for the Second Circuit. In light of the pending appeal, Defendants Motion to Dismiss is held in ABEYANCE and will be addressed following a decision by the Second Circuit. SO ORDERED by U.S. District Judge Anne M. Nardacci on 9/10/2024. (mab) (Entered: 09/10/2024) |
| 01/10/2025 | 52 | TEXT ORDER REASSIGNING CASE. Case reassigned to U.S. Magistrate Judge Paul J. Evangelista for all further proceedings. Magistrate Judge Christian F. Hummel no longer assigned to case. Signed by Chief Judge Brenda K. Sannes on 1/10/2025. (mmg, ) (Entered: 01/10/2025) |
| 08/12/2025 | 53 | ORDER of USCA as to # 38 Notice of Appeal filed by Variscite NY Five, LLC, Variscite NY Four, LLC: The District Court's decision denying Variscite's motion for a preliminary injunction is VACATED, and the case is REMANDED for further proceedings consistent with this opinion. {Certified Copy Issued on 8/12/2025}. (Attachments: # 1 Dissenting Opinion from Chief Judge Debra Ann Livingston)(mmg) (Entered: 08/12/2025) |
| 08/12/2025 | | USCA Case Number 24–384 for # 38 Notice of Appeal filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (mmg). (Entered: 08/12/2025) |
| 10/28/2025 | 54 | NOTICE OF APPEARANCE by Benjamin L. Loefke on behalf of All Defendants (Loefke, Benjamin) (Entered: 10/28/2025) |
| 10/30/2025 | 55 | MANDATE of USCA as to # 38 Notice of Appeal filed by Variscite NY Five, LLC, Variscite NY Four, LLC: IT IS HEREBY ORDERED, ADJUDGED and DECREED that the district court's decision denying Variscite's motion for a preliminary injunction is VACATED and the case is REMANDED for further proceedings consistent with this Court's opinion. Mandate Issued on 10/30/2025. (mmg). (Entered: 10/30/2025) |
| 11/05/2025 | 56 | Pre–Motion Letter by Variscite NY Four, LLC requesting a pre–motion conference submitted to Judge D'Agostino. MAD Pre–Motion Response Deadline 11/10/2025 (Jensen, Jeffrey) (Entered: 11/05/2025) |
| 12/08/2025 | 57 | NOTICE by Variscite NY Four, LLC re 56 Pre–Motion Letter by Variscite NY Four, LLC requesting a pre–motion conference submitted to Judge D'Agostino *of Non–Opposition* (Jensen, Jeffrey) (Entered: 12/08/2025) |
| 12/08/2025 | 58 | NOTICE by Variscite NY Four, LLC *of Non–Opposition (refiled)* (Jensen, Jeffrey) (Entered: 12/08/2025) |
| 12/08/2025 | 59 | COURT NOTICE of Hearing: A Discovery Hearing is now set for Friday, 12/19/2025 @ 11:30 AM before Magistrate Judge Paul J. Evangelista. **This conference will be** |

| | | |
|---|---|---|
| | | **conducted remotely, by Microsoft TEAMS video and the court will provide a TEAMS connection link to all participants, prior to the conference date.**(tab) (Entered: 12/08/2025) |
| 12/08/2025 | 60 | RESPONSE TO LETTER BRIEF filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright as to 56 Pre–Motion Letter Request filed by Variscite NY Four, LLC, 57 Notice (Other) filed by Variscite NY Four, LLC, 58 Notice (Other) filed by Variscite NY Four, LLC . (Loefke, Benjamin) (Entered: 12/08/2025) |
| 12/19/2025 | | Text Minute Entry for proceedings held before Magistrate Judge Paul J. Evangelista: Status Conference held on 12/19/2025 by TEAMS. Appearances by Jeffrey Jensen, Esq. for Plaintiff; AAG Benjamin Loefke, for Defendants. The Court hears arguments on the issue of the scope of discovery sought and what the parties positions are in that regard. The Court sets a follow up discovery hearing for 1/7/2026 @ 2:00pm by video. (Court Reporter Lisa Mazzei)(CRD: Tara Burtt)[11:34am–12:17pm] (tab) (Entered: 01/03/2026) |
| 01/03/2026 | 61 | COURT NOTICE of Hearing: A Discovery Hearing is set for 1/7/2026 @ 2:00 PM before Magistrate Judge Paul J. Evangelista. **This conference will be conducted remotely, by Microsoft TEAMS video and the court will and/or has been provide a TEAMS connection link to all participants, prior to the conference date.**(tab) (Entered: 01/03/2026) |
| 01/06/2026 | 62 | STATUS REPORT by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Loefke, Benjamin) (Entered: 01/06/2026) |
| 01/07/2026 | 63 | Letter Motion by Variscite NY Five, LLC, Variscite NY Four, LLC requesting leave to file a motion to disqualify Defense counsel or for the Court to accept this letter brief as a motion. (Jensen, Jeffrey) *Court added:* Defendant's response set for 1/21/2026. Modified on 1/13/2026 to more accurately reflect what the filing is (tab). (Entered: 01/07/2026) |
| 01/07/2026 | | Text Minute Entry for proceedings held before Magistrate Judge Paul J. Evangelista: Discovery Hearing held on 1/7/2026 re: 56 Motion. The parties advised they have made minimal progress with discovery. In light of the recent filing of the 63 Motion, The court directs Defense counsel to file a response, if any, to the 63 Motion by 1/21/2026. The Court reserves its ruling as to the 56 Motion Requesting Early Discovery. Appearances by Jeffrey M. Jensen, Esq. for Plaintiffs, and Benjamin Loefke, Esq. for Defendants. [CRD: Elizabeth Render, Time: 2:06 PM – 2:30 PM] (Court Reporter Lisa Mazzei) (egr) (Entered: 01/13/2026) |
| 01/13/2026 | | CLERK'S CORRECTION OF DOCKET ENTRY re 63 Letter Request/Motion. Clerk amended the Text of the docket entry 63 to better reflect what the filing is and to set Defendant's response deadline, as was decided and directed during the 1/7/2026 conference. (tab) (Entered: 01/13/2026) |
| 01/15/2026 | 64 | USCA ORDER (STATEMENT OF COSTS): IT IS HEREBY ORDERED that costs are taxed in the amount of $2,176.00 in favor of Appellants Variscite NY Four, LLC and Variscite NY Five, LLC. (ham) (Entered: 01/15/2026) |
| 01/21/2026 | 65 | RESPONSE in Opposition re 63 Letter Request/Motion, filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Declaration)(Loefke, Benjamin) (Entered: 01/21/2026) |
| 01/23/2026 | 66 | REPLY to Response to Motion re 63 Letter Request/Motion, filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 01/23/2026) |
| 03/25/2026 | 67 | ORDER. The Court hereby ORDERS that Defendants' Motion to Dismiss, Dkt. No. 30 , is DENIED. Signed by U.S. District Judge Anne M. Nardacci on 3/25/2026. (mab) (Entered: 03/25/2026) |
| 04/29/2026 | 68 | Renewed MOTION for Temporary Restraining Order *and Preliminary Injunction* by Variscite NY Five, LLC, Variscite NY Four, LLC. (Attachments: # 1 Proposed Order/Judgment)(Jensen, Jeffrey) Modified on 4/30/2026 (ats, ). (Entered: 04/29/2026) |

| 04/29/2026 | 69 | MEMORANDUM OF LAW re 68 Motion for TRO *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 04/29/2026) |
|---|---|---|
| 04/29/2026 | 70 | AFFIDAVIT in Support re 68 Amended MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 04/29/2026) |
| 04/29/2026 | 71 | Letter Motion from Jeffrey M. Jensen for Variscite NY Five, LLC, Variscite NY Four, LLC requesting Remote Appearance submitted to Judge Nardacci . (Jensen, Jeffrey) (Entered: 04/29/2026) |
| 04/30/2026 | | CLERK'S CORRECTION OF DOCKET ENTRY re 68 Motion for TRO – edited text to reflect proper identification of document (ats) (Entered: 04/30/2026) |
| 04/30/2026 | 72 | Letter Motion for Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright requesting Opportunity to Be Heard submitted to Judge Nardacci . (Loefke, Benjamin) (Entered: 04/30/2026) |
| 05/01/2026 | 73 | TEXT ORDER: The Court is in receipt of Plaintiffs' 68 renewed motion for a temporary restraining order and preliminary injunction dated April 29, 2026 and Defendants' 72 letter requesting an opportunity to be heard on Plaintiffs' motion. Defendants' 72 request is GRANTED. Defendants are directed to file their opposition to the motion for a temporary restraining order on or before Tuesday, May 5, 2026 at 5:00 PM. Plaintiffs may file a reply on or before Thursday, May 7, 2026 at 5:00 PM. In addition, the parties are reminded of their duty to make good faith efforts to resolve or narrow their dispute and the movant shall file a declaration on or before Thursday, May 7, 2026 at 5:00 PM detailing such efforts. SO ORDERED by U.S. District Judge Anne M. Nardacci on 5/1/2026. (mab) (Entered: 05/01/2026) |
| 05/05/2026 | 74 | RESPONSE in Opposition re 68 Motion for TRO filed by Chris Alexander, New York State Cannabis Control Board, New York State Office of Cannabis Management, Tremaine Wright. (Attachments: # 1 Declaration McKeage Declaration, # 2 Exhibit(s) A, # 3 Exhibit(s) B, # 4 Exhibit(s) C, # 5 Exhibit(s) D, # 6 Exhibit(s) E, # 7 Exhibit(s) F, # 8 Exhibit(s) G, # 9 Exhibit(s) H)(Loefke, Benjamin) (Entered: 05/05/2026) |
| 05/07/2026 | 75 | ORDER AND REPORT–RECOMMENDATIONS: It is hereby ORDERED, that plaintiffs 63 motion to disqualify defense counsel is DENIED. ORDERED, that, after entry of this Order & Report–Recommendation, the Clerk update the caption to replace Tremaine Wright with Jessica C. Garcia and to replace Chris Alexander with Susan Filburn. It is hereby RECOMMENDED, that plaintiffs 63 request for certification of interlocutory appeal pursuant to 28 U.S.C. § 1292(b) be DENIED. (Objections to R&R due by 5/21/2026), Signed by Magistrate Judge Paul J. Evangelista on 05/07/2026. (ats) (Entered: 05/07/2026) |
| 05/07/2026 | 76 | AFFIDAVIT re 73 Order on Letter Request,,, *Regarding Settlement* by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 05/07/2026) |
| 05/07/2026 | 77 | REPLY to Response to Motion re 68 Motion for TRO *and PI* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 05/07/2026) |
| 05/07/2026 | 78 | AFFIDAVIT in Support re 68 Amended MOTION for Temporary Restraining Order *and Preliminary Injunction* filed by Variscite NY Five, LLC, Variscite NY Four, LLC. (Jensen, Jeffrey) (Entered: 05/07/2026) |
| 05/08/2026 | 79 | Letter Motion for Susan Filburn, Jessica C. Garcia, New York State Cannabis Control Board, New York State Office of Cannabis Management requesting to set an Answer deadline submitted to Judge Nardacci . (Loefke, Benjamin) (Entered: 05/08/2026) |
| 05/12/2026 | 80 | TEXT ORDER. The Court directs parties to participate in a Status Conference now set for 5/14/2026 at 3:00 PM by Teams before the undersigned. Connection information for the Teams meeting will be sent by separate notice. SO ORDERED by Magistrate Judge Paul J. Evangelista on 5/12/2026. (dpk) (Entered: 05/12/2026) |
| 05/12/2026 | 81 | Letter Motion for Susan Filburn, Jessica C. Garcia, New York State Cannabis Control Board, New York State Office of Cannabis Management requesting adjournment of status conference submitted to Judge Evangelista . (Loefke, Benjamin) (Entered: 05/12/2026) |

| 05/13/2026 | 82 | TEXT ORDER granting 81 Letter Request, Status Conference RESET for Friday, May 15, 2026 (5/15/2026) at 1:00 PM before Magistrate Judge Paul J. Evangelista. Signed by Magistrate Judge Paul J. Evangelista on 5/13/26. (egr) (Entered: 05/13/2026) |
|---|---|---|
| 05/15/2026 | | Text Minute Entry for proceedings held before Magistrate Judge Paul J. Evangelista: Status Conference held on 5/15/2026 by TEAMS. Appearances by Jeffrey M. Jenson, Esq. for Plaintiff; AAG Benjamin Loefke appearing for Defendants. The Court hears from counsel on the issues of filing an answer, lifting the current stay and discovery progression. The Court sets a follow up conference for 6/22/2026 with a status report due the day before. A Text Order will be issued outlining the results of today's conference and setting deadlines on the docket. (Court Reporter Lisa Mazzei)(CRD:Tara Burtt)[1:00pm–1:46pm] (tab) (Entered: 05/15/2026) |
| 05/15/2026 | 83 | TEXT ORDER: The STAY previously issued in this matter on January 11, 2024, Dkt. No. 22 , is hereby LIFTED. SO ORDERED by U.S. District Judge Anne M. Nardacci on 5/15/2026. (mab) (Entered: 05/15/2026) |
| 05/15/2026 | 84 | TEXT ORDER: The Court held a conference to discuss Plaintiffs request for early discovery 56 , Defendants request to set an answer deadline 79 , and Plaintiffs renewed motion for Temporary Restraining Order and Preliminary Injunction 68 . All parties were present and heard. For the reasons stated at the conference, following the lifting of the previously imposed stay 22 , Defendants shall have 21 days to file an answer to the Complaint 1 . It is further ORDERED, in compliance with Fed. R. Civ. P. 1, to secure the just, speedy, and inexpensive determination of this action, the discovery demands attached to Plaintiffs request for early discovery [56 at pp. 5–26] are deemed served on Defendants as of the date of this Order. Defendants productions shall be made within 30 days of the date of this Order. Any objections to those demands that cannot be resolved by the parties shall be filed with the Court on or before the close of business on May 21, 2026. The Court hereby schedules a conference via TEAMS on Friday, May 22, 2026, at 2:00 PM to address any such objections. **This conference will be conducted remotely, by Microsoft TEAMS video and the court will provide a TEAMS connection link to all participants, prior to the conference date**. Authorized by Magistrate Judge Paul J. Evangelista on 5/15/2026. (tab) (Entered: 05/15/2026) |
| 05/15/2026 | 85 | Letter Motion from Plaintiffs Regarding Holding Motion in Abeyance as to November Batch Only for Variscite NY Five, LLC, Variscite NY Four, LLC requesting Court to hold the Motion in abeyance as to the November Batch only submitted to Judge Nardacci . (Jensen, Jeffrey) (Entered: 05/15/2026) |
| 05/21/2026 | 86 | LETTER BRIEF *Regarding Objections to Early Discovery Demands* by Susan Filburn, Jessica C. Garcia, New York State Cannabis Control Board, New York State Office of Cannabis Management. (Attachments: # 1 Exhibit(s) Response to Request for Production of Documents, # 2 Exhibit(s) Response to Interrogatories)(Loefke, Benjamin) (Entered: 05/21/2026) |
| 05/21/2026 | 87 | RESPONSE TO LETTER BRIEF filed by Variscite NY Five, LLC, Variscite NY Four, LLC as to 86 LETTER BRIEF, filed by Jessica C. Garcia, New York State Office of Cannabis Management, Susan Filburn, New York State Cannabis Control Board . (Jensen, Jeffrey) (Entered: 05/21/2026) |
| 05/22/2026 | 88 | TEXT ORDER: On May 15, 2026, Plaintiff filed a Letter Motion to hold in abeyance the Court's ruling as to the pending request for a Temporary Restraining Order and Preliminary Injunction as to the November Pool and issue a ruling as to the December Pool in this matter. Dkt. No. 85 . The request is GRANTED. The Court will hold in abeyance a ruling as to the November Pool ONLY. As to the December Pool, the parties are directed to appear for a hearing on June 5, 2026 at 11:00 AM before the undersigned. The hearing will be held by Microsoft Teams. The Court will issue a link to the parties in advance of the scheduled date and time. SO ORDERED by U.S. District Judge Anne M. Nardacci on 5/22/2026. (mab) (Entered: 05/22/2026) |
| 05/22/2026 | 89 | TEXT ORDER: The Court held a conference to address Defendants objections to Plaintiffs discovery demands raised in compliance with the Court's prior Order 84 . Counsel for all parties were present and heard. For the reasons discussed at the conference, Defendants objections to document production requests 10 through 14 are rejected, and Defendants must respond to those demands. The documents and information Plaintiffs seek by requests 15–18 appear to be publicly available; |

| | | |
|---|---|---|
| | | accordingly, the Court agrees with Defendants objection, and no further responses to those requests are required. Should the information Plaintiff seeks in requests 15–18 not be publicly available, Plaintiffs can issue new demands, if otherwise timely. It is further ordered that Defendants objections to Plaintiffs' request for interrogatories numbered 3 through 8 are rejected, and Defendants are ordered to respond to those interrogatories. Currently, the Court is unable to determine the objections regarding document demands 1–5. To evaluate the Defendants' objections, the Court needs more information. Therefore, the Court orders Defendants to file a status report within 30 days, addressing, as to document requests 1–5, whether responsive documents exist, the search methodology used, the estimated volume of responsive documents, and any privilege issues it can identify. Following receipt of the status report, the Court will issue a text notice and, if necessary, set a conference. Authorized by Magistrate Judge Paul J. Evangelista on 5/22/2026. (tab) (Entered: 05/22/2026) |
| 05/22/2026 | | Text Minute Entry for proceedings held before Magistrate Judge Paul J. Evangelista: Status/Discovery Conference held on 5/22/2026 by TEAMS. Appearances by Jeffrey James, Esq.. for Plaintiff; Ben Loefke, Esq. for Defendants. Discovery issues are heard and rulings on each issue is made. The Court will issue a Text Order memorializing the directives given during this hearing. (Court Reporter Lisa Mazzei)(CRD: Tara Burtt) [2:00am–3:02pm] (tab) (Entered: 05/26/2026) |
| 06/05/2026 | 90 | ANSWER to 1 Complaint, by Susan Filburn, Jessica C. Garcia, New York State Cannabis Control Board, New York State Office of Cannabis Management.(Loefke, Benjamin) (Entered: 06/05/2026) |
| 06/05/2026 | | Text Minute Entry for proceedings held before U.S. District Judge Anne M. Nardacci: Motion Hearing held on 6/5/2026. Appearances: Jeffrey Jensen, Esq. for Plaintiffs; AAG Benjamin Loefke and AAG William Scott for Defendants. The Court held a hearing to address Plaintiffs' renewed motion for a temporary restraining order and preliminary injunction in this matter. The motion with regard to the November batch is held in abeyance. The Court hears from counsel as to the December batch. After hearing from counsel, the Court reserves on a decision. A written order will be issued. (TIME: 11:01AM–11:26AM). (Court Reporter: Lisa Tennyson/CRD: Maria Blunt). (mab) (Entered: 06/05/2026) |
| 06/11/2026 | 91 | ORDER: The Court hereby ORDERS that the Report–Recommendation, Dkt. No. 75 , is ADOPTED in its entirety. The Court further ORDERS that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules. Signed by U.S. District Judge Anne M. Nardacci on 6/11/2026. (mab) (Entered: 06/11/2026) |
| 06/11/2026 | 92 | MEMORANDUM–DECISION and ORDER. The Court hereby ORDERS that Plaintiffs' Motion for a Temporary Restraining and Preliminary Injunction, Dkt. No. 68 , is DENIED in part. The Court further ORDERS that the Clerk serve a copy of this Memorandum–Decision and Order on the parties in accordance with the Local Rules. Signed by U.S. District Judge Anne M. Nardacci on 6/11/2026. (mab) (Entered: 06/11/2026) |
| 06/22/2026 | 93 | STATUS REPORT by Susan Filburn, Jessica C. Garcia, New York State Cannabis Control Board, New York State Office of Cannabis Management. (Loefke, Benjamin) (Entered: 06/22/2026) |
| 06/23/2026 | 94 | COURT NOTICE of Conference: The Initial (R16) Conference is now set for Monday, 7/20/2026 @ 10:00 AM before Magistrate Judge Paul J. Evangelista. The Civil Case Management Plan must be filed and Mandatory Disclosures are to be exchanged by the parties on or before 7/13/2026. (Pursuant to Local Rule 26.2, mandatory disclosures are to be exchanged among the parties but are NOT to be filed with the Court.) **This conference will be conducted remotely, by Microsoft TEAMS video and the court will provide a TEAMS connection link to all participants, prior to the conference date.**(tab) (Entered: 06/23/2026) |
| 06/25/2026 | 95 | RESPONSE TO LETTER BRIEF filed by Variscite NY Five, LLC, Variscite NY Four, LLC as to 93 Status Report filed by Jessica C. Garcia, New York State Office of Cannabis Management, Susan Filburn, New York State Cannabis Control Board . (Jensen, Jeffrey) (Entered: 06/25/2026) |
| 07/09/2026 | 96 | NOTICE OF APPEAL as to 92 Order on Motion for TRO, *Renewed Motion* by Variscite NY Five, LLC, Variscite NY Four, LLC. Filing fee $ 605, receipt number |

| | | |
|---|---|---|
| | | ANYNDC–7675067. (Jensen, Jeffrey) (Entered: 07/09/2026) |